# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., JOHN DOE, and JANE DOE, <br><br> Plaintiffs, <br><br> v. <br><br> TRUE THE VOTE, CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10, <br><br> Defendants. | Case No. _____ <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED ANONYMOUSLY** |

Plaintiffs Fair Fight Inc., John Doe, and Jane Doe, by and through the undersigned attorneys, file this Memorandum in Support of Their Motion to Proceed Anonymously. Plaintiffs John and Jane Doe ("Does") seek to proceed anonymously given the real threats of voter intimidation as detailed in the Complaint. Further, the Does fear retaliation for having filed the lawsuit, especially as their addresses will be matters of public record.

As claims of voter fraud in Georgia have reached feverish heights in recent weeks, Georgia's election workers have been the subject of significant threats of

violence.[1] An election worker in Gwinnett County, for example, received death threats and unnamed individuals laid out a noose along with a statement that he should be hung for treason.[2] These threats ultimately reached such a boiling point that a Georgia Republican election official pleaded to the public that if these claims of voter fraud continue, "[s]omeone's going to get hurt, someone's going to get shot, someone's going to get killed."[3]

By contrast, the Does are private individuals whose only involvement in Georgia elections are as voters. They are active members of the community, with active ties (and work) in Georgia. Their professional positions put them in regular contact with the public, which heightens the risks they face in proceeding in this lawsuit. Indeed, this case is about voter intimidation and the culture of fear and distrust that Defendants and aligned groups have sown in recent weeks in Georgia.

Due to the activities of Defendants and aligned groups, the threat of election-related violence is very real in Georgia. This is an exceptional case warranting the use of pseudonyms, just as it is exceptional that a top state election official would

---

[1] Stephen Fowler, *'Someone's Going to Get Killed': Ga. Official Blasts GOP Silence on Election Threats*, NPR (Dec. 1, 2020), https://www.npr.org/sections/biden-transition-updates/2020/12/01/940961602/someones-going-to-get-killed-ga-official-blasts-gop-silence-on-election-threats (noting reports of harassment and death threats against officials overseeing the state's recount).
[2] *Id.*
[3] *Id.*

2

warn, "someone is going to get killed" if the claims of voter fraud continue. Accordingly, Plaintiffs respectfully request that the Court allow the case to proceed on an anonymous basis with respect to Plaintiffs John and Jane Doe.

## ARGUMENT

**A.     Legal Standard**

While Federal Rule of Civil Procedure 10(a) generally requires that the Complaint name all the parties, the Eleventh Circuit has recognized that plaintiffs should be permitted to proceed anonymously in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). The Eleventh Circuit has explained that "whether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question" reserved to the trial court's discretion. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246-47 (11th Cir. 2020) (noting appellate review is "extremely limited and highly deferential"). Factors that courts consider include whether the plaintiff (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal

prosecution. *Id.* at 1247. Other factors to consider include whether the party seeking anonymity is a minor or faces a real threat of physical harm absent anonymity and whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant. *Id.* (citations omitted).

In applying these standards, Georgia federal courts have allowed litigants to pursue an action under a pseudonym to protect parties in various contexts. *See*, *e.g.*, *Doe v. Barrow Cnty., Ga.*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (granting anonymity in lawsuit challenging display of the Ten Commandments in a courthouse); *Ga. Advoc. Off. v. Jackson*, No. 1:19-CV-1634-WMR-JFK, 2019 WL 8501278, at *2 (N.D. Ga. July 3, 2019) (granting anonymity for psychiatric patients); *S.W. v. Clayton Cnty. Pub. Schs.*, No. 1:16-CV-0126-TCB, 2016 WL 8943337, at *2 (N.D. Ga. May 9, 2016) (allowing anonymity in case involving minor and alleged sexual assault).

**B.     Proceeding Anonymously is Warranted Here Because the Does Face the Risk of Immediate Harm.**

This is an exceptional case requiring anonymity. The Does fear immediate retaliation for their participation in this lawsuit. Their fears are well-founded. Compl. ¶ 60. Defendants have published lists of hundreds of thousands of Georgians, including the Does, who Defendants claim are ineligible to vote. They have also recruited volunteers to monitor voters as they return their ballots, urged

"citizen watchdogs" to take photos and videos of illegal activity, and now have established a $1 million bounty to "incentivize" individuals to accuse voters of "election malfeasance." *Id.* ¶¶ 57-61.

Despite a lack of credible evidence and consistent defeats in Georgia courts and courts around the country, Defendants and aligned groups persist with claims of widespread election fraud, which have fomented threats of violence and harassment of Georgia's election workers. One Georgia election worker was even forced to go into hiding after his personal information was posted online. Compl. ¶ 35. And despite an election official's public plea that "[s]omeone is going to get hurt, someone is going to get shot, someone is going to get killed," *id.* ¶ 36, Defendants have continued to feed the ongoing frenzy of baseless accusations.

As private individuals, the Does are aware of the real threat of doxing and/or swatting that may arise from the publication of their individual names, especially Does' addresses are publicly available as part of the Defendants' published voter lists.[4] Doxing, the act of "broadcasting personally identifiable information about

---

[4] *See* Press Release, U.S. Dep't of Justice, New York Man Sentenced To 24 Months in Prison For Internet Offenses, Including "Doxing," "Swatting," Making a False Bomb Threat, and Cyber-Stalking (July 11, 2016), https://www.justice.gov/usao-dc/pr/new-york-man-sentenced-24-months-prison-internet-offenses-including-doxing-swatting#:~:text=WASHINGTON%20%E2%80%93%20Mir%20Islam%2C%202

an individual on the Internet," can embarrass, intimidate, or otherwise harm individuals, including voters.[5]

The Does are private individuals who have done nothing wrong. They are Georgians, but currently traveling in and out of the state for work and family obligations. They maintain their Georgia residence, and Jane Doe continues to work in Georgia. They are both professionals who have regular contact with members of the community, and as such, have the very real fear of harassment or violence if their names were known publicly in association with this suit.

The Court can provide the Does with protection from harassment, intimidation, retaliation, and even violence by permitting these plaintiffs to proceed anonymously.

## CONCLUSION

For the reasons stated above, the Does request leave of this Court to proceed anonymously.

---

2%2C,and%20a%20pattern%20of%20online ("The publication of the victims' personal identifying information also reveal[s] to any other would-be harassers or assailants how and where to contact the victims.").

[5] Joey L. Blanch & Wesley L. Hsu, *An Introduction to Violent Crime on the Internet*, The U.S. Att'ys' Bull., Vol. 64, No. 3, May 2016, at 5.

## CERTIFICATE OF COMPLIANCE

I hereby certify the foregoing was prepared in accordance with the Local Rules on font and typeface.

Respectfully submitted, this, the 23rd day of December, 2020.

| | |
|---|---|
| Marc E. Elias* <br> Uzoma Nkwonta* <br> Christina A. Ford* <br> **PERKINS COIE LLP** <br> 700 Thirteenth St., N.W., Suite 800 <br> Washington, D.C. 20005-3960 <br> Telephone: (202) 654-6200 <br> Facsimile: (202) 654-9959 <br> melias@perkinscoie.com <br> unkwonta@perkinscoie.com <br> christinaford@perkinscoie.com <br><br> Thomas J. Tobin* <br> **PERKINS COIE LLP** <br> 1201 Third Avenue, Suite 4900 <br> Seattle, WA  98101-3099 <br> Phone: (206) 359-8000 <br> Fax: (206) 359-9000 <br> ttobin@perkinscoie.com <br><br> Molly E. Mitchell* <br> **PERKINS COIE LLP** <br> 1111 West Jefferson Street, Suite 500 <br> Boise, ID  83702-5391 <br> Phone: (208) 343-3434 <br> Fax: (208) 343-3232 <br> mmitchell@perkinscoie.com <br><br> *Counsel for Plaintiffs* <br> **Pro hac vice motion* forthcoming | */s/ Allegra J. Lawrence* <br> Allegra J. Lawrence (GA Bar No. 439797) <br> Leslie J. Bryan (GA Bar No. 091175) <br> Maia Cogen (GA Bar No. 832438) <br> **LAWRENCE & BUNDY LLC** <br> 1180 West Peachtree Street, Suite 1650 <br> Atlanta, GA 30309 <br> Telephone: (404) 400-3350 <br> Fax: (404) 609-2504 <br> allegra.lawrence-hardy@lawrencebundy.com <br> leslie.bryan@lawrencebundy.com <br> maia.cogen@lawrencebundy.com <br><br> Dara Lindenbaum (GA Bar No. 980780) <br> **SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.** <br> 1090 Vermont Avenue, NW, Suite 750 <br> Washington, DC 20005 <br> Telephone: (202) 479-1111 <br> Fax: 202-479-1115 <br> lindenbaum@sandlerreiff.com |